1

**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
2

**PARMET PC**
340 S. Lemon Ave., #1228
3

P.O. Box 540907 (77254)
Walnut, CA 91789
4

phone   713 999 5228
fax       713 999 1187
5

6

**Richard J. (Rex) Burch** (pro hac vice forthcoming)
rburch@brucknerburch.com
7

**James A. Jones** (pro hac vice forthcoming)
jjones@brucknerburch.com
8

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Ste. 1500
9

Houston, Texas 77046
Telephone:      (713) 877-8788
10

Telecopier:     (713) 877-8065

11

**Attorneys for Plaintiff**

12

### UNITED STATES DISTRICT COURT
13

### CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

14

| | |
|---|---|
| 15  CHRISTOPHER RIVERA, individually and on behalf of all others similarly situated, | Case No. 5:19-cv-00237 |
| 16  Plaintiff, | **Plaintiff's Original Class and Collective Action Complaint for Damages (with Jury Demand)** |
| 17  vs. | |
| 18  FIS OPERATIONS, LLC d/b/a FRONTIER | 1.  **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*);** |
| 19  INTEGRITY SOLUTIONS, a foreign limited liability company, | 2.  **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Order 16-2001);** |
| 20  Defendant. | 3.  **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001);** |
| 21 | 4.  **Violations of record keeping requirements (CAL. LAB. CODE § 226);** |
| 22 | 5.  **Waiting time penalties (CAL. LAB. CODE § 203);** |
| 23 | 6.  **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE § 17200, *et seq.*).** |

24

25

26

27

28

---

**Plaintiff's Original Complaint**                                                                                    **- 1 -**

SUMMARY

1.     FIS Operations, LLC d/b/a Frontier Integrity Solutions (Frontier) pays its Inspection Workers (pipeline inspectors, facility inspectors, and tank inspectors) using a day rate system without paying them overtime.

2.     Under Frontier's day rate compensation system, Inspection Workers receive a flat amount for each day worked but do not receive any premium pay for hours worked in excess of forty hours in a workweek and/or 8 or 12 hours in a workday.

3.     This practice violates the overtime requirements of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and California law, including California Labor Code §§ 510 and 1198, and California Industrial Welfare Commission (IWC) Wage Order 16-2001.

4.     Nor do those Inspection Workers employed in the State of California receive any premium pay for hours worked in excess eight and twelve hours per day as required by California Labor Code §§ 510 and 1198, and IWC Wage Order 16-2001.

5.     Additionally, Frontier does not provide Inspection Workers employed in the State of California the rest and meal periods required by California Labor Code §§ 226.7, 512(a), and 1198, and IWC Wage Order 16-2001.

6.     Rivera brings this suit as a collective action under the FLSA individually and on behalf of the FLSA Class:

> **All Inspection Workers who are or were within the three years prior to the filing of this lawsuit employed by Frontier and paid a day rate with no overtime pay.**

7.     Rivera and the FLSA Class Members seek payment of all overtime owed for the applicable three-year statute of limitations period, liquidated damages, and attorneys' fees and costs.

8.     Rivera further brings this suit as a class action pursuant to FED. R. CIV. P. 23 individually and on behalf of the California Class:

> **All Inspection Workers who are or were within the four years prior to the filing of this lawsuit employed by Frontier in the State of California and paid a day rate with no overtime pay.**

9.      Rivera and the California Class Members seek to recover back pay for unpaid overtime wages, failure to provide meal breaks and rest breaks, restitution and disgorgement for unfair business practices (including the failure to pay overtime wages), interest, equitable relief including an injunction, and reasonable attorney's fees and costs, under all applicable provisions of California law.

### JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11.     The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District

13.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Frontier is headquartered in this District and Division.

### THE PARTIES

14.     Plaintiff Christopher Rivera is an individual who resides in Riverside, California.

15.     Rivera has been employed by Frontier as a pipeline inspector from July 1, 2018, to present.

16.     Rivera has not properly received overtime compensation for hours worked in excess of 40 in a workweek.

17.     Additionally, Rivera has not properly received overtime compensation for hours worked in excess of 8 and 12 hours in a workday.

18.     Rivera's consent to join this case is filed herewith.

19.     Frontier is a Delaware corporation with its principal place of business in Sand Springs, Oklahoma.

20.     Frontier maintains an office in this District.

21.     Frontier's principal office in California is located in this District.

22.     Frontier is a resident of Riverside County, California.

23.     Frontier is a resident of this District and Division.

24. During the relevant time period Frontier created and implemented its unlawful payment scheme, and thus gained an unfair advantage over corporations operating in California who follow the law.

25. Frontier has acted directly or indirectly as an employer with respect to Rivera and all those similarly situated within the meaning of the FLSA.

26. Frontier may be served by serving its registered agent for service of process: Cogency Global, Inc., 600 Wilshire Blvd Suite 980, Los Angeles, CA 90017.

## COVERAGE UNDER THE FLSA

27. At all relevant times, Frontier has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Frontier has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29. At all relevant times, Frontier has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

30. At all relevant times, Rivera and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

31. Frontier is a provider of inspection services to pipelines, pipeline stations, terminals, gathering, utilities, tank storage and other energy related fields.

32. Frontier is headquartered in Oklahoma and does business in California, including the Riverside area.

33.     Rivera provided pipeline inspection services to Kinder-Morgan, Inc. in the Riverside area through Frontier.

34.     Prior to being employed by Frontier, Rivera provided inspection services to Kinder-Morgan through another inspection services company.

35.     Prior to being employed by Frontier, Rivera was paid by the hour and was paid overtime for hours worked in excess of 40 in a workweek and for hours worked in excess of 8 and 12 hours in a workday.

36.     In Summer 2018, Rivera was told that Kinder-Morgan was terminating its contract with its previous inspection service provider.

37.     Rivera was told that he needed to sign a contract with Frontier in order to keep working for Kinder-Morgan.

38.     The contracts provided to Rivera and other California Class Members stated that they were now exempt employees and would not receive overtime.

39.     For example, Rivera's contract with Frontier stated:

> **FRONTIER INTEGRITY SOLUTIONS**
>
> 5/22/2018
>
> Chris Rivera
>
> Dear Chris,
>
> We are pleased to make this conditional offer for you to join Frontier Integrirty Solutions (the "Company" or "FIS" ), with an anticipated start date of July 1, 2018 in the position of Utility Inspector III on the Kinder Morgan Project reporting to Briceno Heber.  Attached as Exhibit A is a description of the required qualifications and  your primary job duties as a Utility Inspector III
>
> **Base Salary –** In this position, your initial salary will be **$650.00**, paid on a day-rate basis on  the Company's normal payroll schedule (currently, on a weekly basis), subject to applicable withholdings. This position is considered exempt for purposes of applicable wage and hour laws, which means that you are not eligible for overtime time pay under state and federal laws. Attached as **Exhibit B** is your SPECIFIC PROJECT INSPECTOR PAY SHEET for the Kinder Morgan Project

40.     Exhibit B to Rivera's contract clarified his "day rate."

| Pay Package: | | |
| *(PWD = Per Work Day; PCD = Per Calendar Day)* | | |
| $ .545 currently | MILEAGE (Actual Business miles per IRS rate) - PWD | |
| | | |
| $ 207.00 | PER DIEM – PCD        CALIFORNIA | |
| $ 303.00 | WAGES - PWD | |
| $ 140.00 | COMMUNICATIONS, EQUIP & SAFETY PKG - PWD | |
| $ 650.00 | TOTAL PACKAGE RATE | |

41.     Rivera's "wages" were $303.00 per day worked.

42.     Rivera's contract with Frontier became effective on July 1, 2018.

43.     After being employed by Frontier, Rivera no longer received overtime for hours worked in excess of 40 hours per workweek or in excess of 8 or 12 hours in a workday, even though his work duties remained the same.

44.     Rivera and the FLSA and California Class Members were misclassified as exempt employees during the relevant statutory time period.

45.     Rivera knows other employees Frontier who are similarly situated in that they were not properly paid overtime for the hours they worked in excess of 40 in a workweek and/or 8 and 12 in a workday.

46.     These individuals should be notified of their right to join this lawsuit to collect back wages.

## FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

47.     Rivera incorporates all other allegations.

48.     Frontier has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by employing day rate workers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such day rate employees for work in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

49.     Frontier knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the day rate workers overtime compensation.

50.     Frontier's failure to pay overtime compensation to these day rate workers was neither reasonable, nor was the decision not to pay overtime made in good faith.

51.     Accordingly, Rivera and all those who are similarly situated day rate workers are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW

52.     Rivera incorporates all other allegations.

**Plaintiff's Original Complaint**                                                        **- 6 -**

53.     The California Labor Code requires that all employees, including Rivera and the California Class, receive time and one-half overtime premium compensation for hours worked over 8 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

54.     Despite working over 8 hours a day as part of their normal and regular shift, Rivera and the California Class did not receive any overtime compensation for all hours worked over 8 in one day.

55.     The California Labor Code also requires that all employees, including Rivera and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

56.     Although Rivera and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

57.     The California Labor Code requires that all employees, including Rivera and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order 16-2001.

58.     Although Rivera and the California Class regularly worked 7 days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over 8 worked on the seventh day.

59.     This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Rivera and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE
### COMPENSATION FOR MISSED MEAL AND REST PERIODS

60.     Rivera incorporates all other allegations.

61.     In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Rivera and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10-minute

rest period for every 4 hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001.

62.     Although the California Labor Code requires that all employees, including Rivera and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Rivera and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

63.     As a pattern and practice, Frontier did not provide Rivera and the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

64.     Although the California Labor Code requires that all employees, including Plaintiff and the California Class, receive a 10-minute rest period for every 4 hours worked, Rivera and the California Class did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

65.     As a pattern and practice, Frontier did not provide Rivera and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

66.     Rivera and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

67.     Frontier's policy fails to provide Rivera and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Rivera and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

68.     Rivera incorporates all other allegations.

69.    California Labor Code section 226 requires Frontier to keep accurate records regarding the rates of pay for their California employees and provide that information to Rivera and the California Class with their wage payment.

70.    Because Frontier pay Rivera and the California Class a day rate instead of an hourly rate with proper overtime pay, it did not maintain accurate records of Rivera and the California Class' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Rivera and the California Class with their wages.

71.    This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Rivera and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

### FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES

72.    Rivera incorporates all other allegations.

73.    At all relevant times, Frontier was required to pay Rivera and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

74.    As a result of Frontier's alleged California Labor Code violations, Frontier regularly failed to pay Rivera and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Frontier owes waiting time penalties pursuant to California Labor Code section 203.

75.    The conduct of Frontier, in violation of Rivera and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of Frontier.

76.    Frontier's willful failure to provide Rivera and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

77.    Therefore, Rivera and the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

78.    Rivera incorporates all other allegations.

---

**Plaintiff's Original Complaint**                                                              **- 9 -**

79. Frontier has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; and (4) accurate wage statements.

80. As a result of Frontier's failure to comply with federal and state law, Frontier has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

81. The relevant acts by Frontier occurred within the 4 years preceding the filing of this action.

82. On information and belief, Frontier has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Rivera and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

83. Rivera and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

84. Rivera and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Frontier from engaging in the violations and other misconduct referred to above.

85. Frontier is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### COLLECTIVE ACTION ALLEGATIONS

86. Dozens of employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA.

87. Frontier required the FLSA Class Members to perform job duties similar to those performed by Rivera, including the requirement that they work overtime without overtime pay.

88. Frontier paid these Inspection Workers in the same manner as it paid Rivera and did not properly compensate them for all hours worked as required by the FLSA.

89. Thus, Frontier imposed its illegal pay practices on the FLSA Class Members.

90.     The FLSA Class Members were all paid on a day rate basis and were regularly required to work in excess of 40 hours per week without payment of overtime.

91.     Accordingly, the employees who were victimized by Frontier's unlawful compensation practices are similarly situated to Rivera.

92.     Frontier's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the FLSA Class Members.

93.     Thus, Rivera's experiences are typical of the experiences of the FLSA Class Members.

94.     The specific job titles or precise job requirements of the various FLSA Class Members do not prevent collective treatment.

95.     All of the FLSA Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all unpaid overtime for all hours worked in excess of 40 hours per workweek.

96.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### CLASS ACTION ALLEGATIONS

97.     Rivera brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class.

98.     <u>Numerosity</u>: The proposed California Class is so numerous that joinder of all members is impracticable. Rivera is informed and believes, and on that basis alleges, that during the relevant time period, Frontier employed dozens of people who satisfy the definition of the California Class.

99.     <u>Typicality</u>: Rivera's claims are typical of the members of the California Class.

100.    Others in Rivera's position (and/or positions similar thereto), routinely worked more than 8 or 12 hours in a day and/or 40 hours per week during the Class Period, without being paid overtime, in violation of applicable state law.

101.    Rivera had job duties and responsibilities similar to the other California Class Members and, like them, was subject to Frontier's policy and practice of improperly failing to pay appropriate overtime compensation for all hours worked.

102.    <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants and fear retaliation. Prosecuting dozens of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

103.    <u>Adequacy</u>: Rivera will fairly and adequately protect the interests of the California Class Members and has retained counsel experienced in complex wage and hour class and collective action litigation.

104.    <u>Commonality</u>: Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the California Class, including but not limited to:

- Whether Frontier employed Inspection Workers in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

- What were Frontier's policies and/or practices for paying overtime for overtime work?

- Did Frontier have and implement a policy and/or practice whereby Frontier failed to pay Inspection Workers for overtime work at the legally required overtime rate, namely time and a half or double their regular rates?

- Do Frontier's policies and/or practices with regard to overtime wages constitute or result in unfair business practices by Frontier within the meaning of the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq*?

- What affirmative efforts did Frontier make to provide Inspection Workers at least a half hour uninterrupted meal period during their workdays?

- What were Frontier's policies and/or practices with respect to providing meal periods for the Inspection Workers?

- Do Frontier's policies and/or practices with regard to meal periods constitute or result in unfair business practices by Frontier within the meaning of the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq*?

- Is Frontier liable to Inspection Workers for restitution and/or injunction under the California Unfair Competition Law, Bus. & Prof. Code § 17203?

105.    This case is maintainable as a class action under FED. R. CIV. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Frontier.

106.    Further, adjudication of each individual member's claim as separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

107.    Class certification is also appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the California Class Members predominate over any questions affecting only individual members of the putative class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

108.    Frontier's common and uniform policies and practices denied the California Class Members the overtime pay to which they are entitled.

109.    The damages suffered by the individual California Class Members are small compared to the expense and burden of individual prosecution of this litigation.

110.    California Class Members fear workplace retaliation and being "blackballed" from obtaining future employment in the inspection services industry.

111.    In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Frontier's practices.

112.    Rivera intends to send notice to all members of the California Class to the extent required by Rule 23.

---

**Plaintiff's Original Complaint**                                        **- 13 -**

113.   The names and addresses of the California Class Members are available from Frontier.

**JURY DEMAND**

114.   Rivera demands a trial by jury.

**RELIEF SOUGHT**

115.   WHEREFORE, Rivera prays for judgment against Frontier as follows:

a.   For an order certifying a class action under Rule 23 for the purposes of the claims under California law;

b.   For an order certifying this case as a collective action for the purposes of the FLSA claims;

c.   For an order finding Frontier liable for violations of state and federal wage laws with respect to Rivera and all Class Members covered by this case;

d.   For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Rivera and all Class Members covered by this case;

e.   For a judgment awarding Rivera and all Class Members covered by this case their costs of this action;

f.   For a judgment awarding Rivera and all Class Members covered by this case their attorneys' fees;

g.   For a judgment awarding Rivera and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

h.   For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

Matthew S. Parmet
(CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
P.O. Box 540907 (77254)
Walnut, CA 91789
phone   713 999 5228
fax       713 999 1187

**Richard J. (Rex) Burch**
(pro hac vice forthcoming)
rburch@brucknerburch.com
**James A. Jones**

(pro hac vice forthcoming)
jjones@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Tel: 713-877-8788
Fax: 713-877-8065

**Attorneys for Plaintiff**