DYKEMA GOSSETT LLP
Jon D. Cantor (91852)
jdcantor@dykema.com
Laura P. Worsinger (51859)
lworsinger@dykema.com
Abirami Gnanadesigan (263375)
agnanadesigan@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
FIS OPERATIONS, LLC d/b/a/
FRONTIER INTEGRITY SOLUTIONS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIS OPERATIONS, LLC d/b/a/ FRONTIER INTEGRITY SOLUTIONS, a foreign limited liability company,<br><br>Defendant. | Case No. 5:19-cv-00237 JGB (SHKx)<br><br>Assigned to Hon. Jesus G. Bernal<br>Riverside, Courtroom 1<br><br>**DECLARATION OF DOUG MOSS IN SUPPORT OF DEFENDANT FIS OPERATIONS, LLC D/B/A FRONTIER INTEGRITY SOLUTION'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER AND FOR CORRECTIVE NOTICE**<br><br>Date: October 7, 2019<br>Time: 9:00 a.m.<br><br>Complaint Filed: February 5, 2019<br>Trial Date: TBD |

113647.000011 4834-6351-8117.1

1

## DECLARATION OF DOUG MOSS

I, Doug Moss, hereby declare as follows:

1. I am currently employed by FIS OPERATIONS, LLC d/b/a FRONTIER INTEGRITY SOLUTIONS ("Frontier") in Tulsa, Oklahoma. I have been employed by Frontier for sixteen months.

2. I have been requested to sign this declaration by Frontier in support of Frontier's Opposition to Plaintiff Christopher Rivera's Motion for Protective Order and for Corrective Notice. If called upon to testify to those matters contained herein I could and would competently do so because they are all within my own personal knowledge.

3. Since I commenced my employment with Frontier my job title has been Human Resources Manager.

4. In my capacity as Human Resources Manager, I am responsible for, among other things, keeping, maintaining, and distributing Frontier's files and records concerning its employees and other individuals who do work for Frontier. Those files and records are made and maintained by Frontier in the regular course of its business, by Frontier employees with personal knowledge of the information contained therein, at or near the time the information is recorded or received. It is Frontier's regular practice to keep, maintain, and distribute these files and records as necessary.

5. In or about August 2019, I participated in a series of meetings about a recent case decided by the National Labor Relations Board, *Cordua Restaurants, Inc.*, 368 NLRB No. 43 (2019), and Frontier's plan of implementing Amended Arbitration and Class Action Waiver Agreements in accordance with the *Cordua* decision. All Frontier employees who would have been in a position to speak to inspectors about the Amended Arbitration and Class Action Waiver agreements, including members of the payroll department, field services department, safety department, and human resources department, participated in this series of meetings. During these meetings,

1. the attendees, including me, were repeatedly instructed not to discuss the lawsuit filed by Christopher Rivera, or any matter relating to the lawsuit, with inspectors who contacted us in response to the Amended Arbitration and Class Action Waiver Agreements, or otherwise.

6. In my capacity as Human Resources Manager, I was part of the team responsible for distributing the Amended Arbitration and Class Action Waiver Agreements to the Frontier inspectors. With regard to distributing these agreements, I was instructed to distribute the agreements to all Frontier inspectors via email, and to separate the email recipients into three groups: (1) those inspectors who had consented to the litigation filed by Christopher Rivera; (2) those inspectors who performed work for Frontier in California but who did not consent to the litigation filed by Christopher Rivera; and (3) all remaining inspectors who performed work for Frontier. In separating out the groups of email recipients, I inadvertently included Mr. Rivera in the third group of those inspectors who performed work for Frontier. I sent the Amended Arbitration and Class Action Waiver Agreements to the two groups who were to receive copies on August 29, 2019, and Mr. Rivera received a copy by mistake. The remaining four inspectors who consented to the litigation did not receive copies of the Amended Arbitration and Class Action Waiver Agreement or my transmittal email. A true and correct copy of the Amended Arbitration and Class Action Waiver Agreement is attached hereto as **Exhibit A**. A true and correct copy of my transmittal email to those inspectors who performed work for Frontier in California but who did not consent to the litigation filed by Christopher Rivera is attached hereto as **Exhibit B**. A true and correct copy of my transmittal email to all remaining inspectors who performed work for Frontier is attached hereto as **Exhibit C**.

7. The Amended Arbitration and Class Action Waiver is substantially similar to the waiver that Frontier routinely asks its employees to sign at the time of hiring, except that the Amended Waiver and accompanying email transmittal: (1)

3

requested that Frontier's employees waive their right to "opt-in" to any FLSA class action lawsuit and instead agree to proceed to arbitration on each individual's claims; (2) specified that signing it would be a condition for potential new employees if they wanted to be hired; and (3) specified that if any Frontier employees did not sign it within ten days they would be removed from the company's schedule, and if any employee continued to work without signing it, it would constitute assent to the terms of the agreement.

8. In accordance with the instructions that I (and all other Frontier personnel tasked with discussing the Amended Arbitration and Class Action Waiver Agreements with Frontier inspectors) received, I did not speak to any inspectors about the lawsuit filed by Mr. Rivera or any matters pertaining to the lawsuit. To my knowledge, no other Frontier personnel spoke to any inspectors about the Rivera lawsuit or any matters pertaining to the lawsuit.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of September 2019 at Tulsa, State of Oklahoma.

*Doug Moss* (signature)

Doug Moss



# Exhibit A

## FIS OPERATIONS, LLC

## AMENDED MUTUAL ARBITRATION AND AND CLASS ACTION WAIVER AGREEMENT

This Amended Mutual Arbitration and Class Action Waiver Agreement ("Agreement") is made and entered into by and between FIS OPERATIONS, LLC dba Frontier Integrity Solutions and its affiliates (the "Company") and an employee of the Company (the "Employee"). Employee and the Company may be collectively referred to herein as the parties. This Agreement shall be governed by the Federal Arbitration Act, and is to be construed as broadly as is permissible under applicable law.

The parties recognize that differences may arise between them during or following Employee's employment with the Company, and that those differences may or may not be related to Employee's employment. The parties understand and agree that by entering into this Agreement, they anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure. Therefore in consideration for the foregoing and for Employee's employment or continued employment with Company, Employee and the Company hereby agree as follows:

Claims Covered by the Agreement

The Company and Employee mutually consent to the resolution by arbitration of all claims ("claims"), whether or not arising out of Employee's employment (or its termination), that the Company may have against Employee or that Employee may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, medical condition, or disability) under state or federal law; claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one), and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the Claims Not Covered section below.

Except as otherwise provided in this Agreement, the Parties agree that neither of them shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) in any way related to any claim covered by this Agreement.

**As such, the parties, and each of them, understand that, by signing this Agreement, they are knowingly and voluntarily waiving their right to a trial by jury.**

Claims Not Covered by the Agreement

Claims that Employee may have for workers' compensation, unemployment compensation benefits, or claims deemed not subject to arbitration under law are not covered by this Agreement. Nothing in this Agreement shall bar or restrict Employee's right to file charges with the National Labor Relations Board.

Upon a showing of reasonable cause, either party to this Agreement may petition a court of competent jurisdiction for immediate injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure or trade secrets or confidential information.

Required Notice of All Claims and Statute of Limitations

The parties agree that the aggrieved party must serve a formal demand for arbitration, containing all factual bases of any claim, to the other party within one (1) year of the termination of employment, or other date the aggrieved party first knows or should know of the event giving rise to the claim, or within the applicable statutory limits in which such claim may be made, whichever date is later. If either party fails to serve a formal demand within the period proscribed by this section, then the claim shall be void and deemed waived.

The formal demand for arbitration served on the Company, or its officers, directors, employees or agents, shall be sent to Doug Moss its Human Resources Manager. Employee will be given written notice at the last address recorded in Employee's personnel file. The formal demand shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. The formal demand shall be sent to the other party by certified or registered mail, return receipt requested.

Arbitration Location and Procedures

**The parties agree that the arbitration shall take place in the county of the state in which the Employee resided at the time of his or her last employment with the Company.** The parties further agree that the arbitration will be administered by Judicial Arbitration and Mediation Services ("JAMS"), a national arbitration organization, (www.jamsadr.com), in accordance with the **JAMS Employment Arbitration Rules and Procedures** ("JAMS Rules"), for determination in accordance with the JAMS Employment Arbitration Rules & Procedures (the "Rules"), including any subsequent modifications or amendments to such Rules, as the exclusive remedy for such controversy, claim or dispute. A copy of the Rules is available from Company's Human Resources Department or can also be found on-line at wwwjamsadr.com/rules-employment-arbitration.

The Parties also agree that, except as provided in this Agreement, any arbitration shall be conducted by an Arbitrator who is licensed to practice law in **the state wherein the Arbitration is to take place.** The Arbitrator shall be selected from a list of retired judges provided by JAMS. JAMS shall give each party a list of labor-management dispute arbitrators. Each party may strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately until only one remains.

The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, JAMS shall furnish an additional list or lists until the Arbitrator is selected.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The applicable state in which the claim arose or the Federal Rules of Evidence shall apply. The Arbitrator, and not any federal, state, or local court or Company, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The arbitration shall be final and binding upon the parties.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such

Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render a written award and opinion that reveals the essential findings and conclusions upon which the award is based.

Discovery

Except as otherwise provided herein, all discovery proceedings shall be governed by the statutes, rules wherein the Arbitration is to take place, as well as the JAMS Rules. Each party shall have the right to conduct discovery by taking depositions, designating expert witnesses, propounding requests for production of documents to any party and requesting witnesses' names. Additional discovery may be had only where the Arbitrator selected pursuant to this Agreement so orders, upon a showing of substantial need and in accordance with JAMS rules.

Designation of Witnesses and Exhibits

At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any expert witnesses, and copies of all exhibits intended to be used at the arbitration.

Subpoenas

Each party shall have the right to subpoena witnesses and documents for the arbitration.

Arbitration Fees and Costs

**The Company shall bear full responsibility for the Arbitrator's fees and costs.** Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party.

Page 3 of 6

Judicial Review

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement, to enforce an arbitration award and/or to have judgment entered upon an award. A party opposing enforcement of an award may not do so in an enforcement proceeding, but must bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

Requirements for Modification or Revocation

This Agreement to arbitrate and class action waiver shall survive the termination of Employee's employment. It can only be revoked or modified by a writing signed by the parties which specifically states an intent to revoke or modify this Agreement.

**Class Action Waiver**

**Any claim covered by this Agreement shall be brought and conducted solely on an individual basis and not in a class, multiple plaintiff or representative action, or as a named or unnamed member in a class, consolidated, or representative action. Similarly, the arbitrator may not consolidate more than one party's claims, and may not otherwise preside over any form of a class action or representative proceeding. It is understood and agreed Employee cannot file or opt-in to a collective action under this Agreement, unless agreed upon by Employee and the Company in writing.**

**Notwithstanding the foregoing, a private attorney general representative action may be brought as a class action if mandated by law. Moreover, Employee is not waiving his or her rights under the National Labor Relations Act, and he or she will not be retaliated against for concertedly challenging the validity of this Agreement through class or collective actions.**

In any case in which (1) the dispute is filed as a class, collective, or representative action and (2) there is a final judicial determination that all or part of the Class Action Waiver is unenforceable, the class, collective and/or representative action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration.

Sole and Entire Agreement

This is the complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject or the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Construction/Severability

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement

and any said illegal, invalid or unenforceable part, terms or provisions shall be deemed stricken and severed from this Agreement.

### Consideration

The promises by the Company and by Employee to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

### Employment Agreement

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this agreement in any way alter the "at-will" status of Employee's employment with the Company. **This means either Employee or the Company may terminate the employment relationship at any time, with or without notice, for any reason or no reason at all.**

### Severability

This Agreement contains all the terms, obligations and understandings between the parties regarding its subject matter. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision, or part will be severed from the remaining portions, provisions, or parts of this Agreement and will not affect the validity or enforceability of such remaining portions, provisions, or parts.

### Acceptance of Agreement

**SIGNING THIS AGREEMENT IS A CONDITION OF EMPLOYEE'S EMPLOYMENT OR CONTINUED EMPLOYMENT WITH THE COMPANY. IT IS UNDERSTOOD, ACKNOWLEDGED AND AGREED THAT EMPLOYEE WILL BE REMOVED FROM THE COMPANY'S SCHEDULE IF HE OR SHE DECLINES TO SIGN THIS AGREEMENT WITHIN TEN (10) CALENDAR DAYS OF RECEIPT OF THIS AGREEMENT. IF FOR ANY REASON, EMPLOYEE CONTINUES TO WORK FOR THE COMPANY WITHOUT SIGNING THIS AGREEMENT WITHIN TEN (10) DAYS OF RECEIPT OF THIS AGREEMENT, SUCH CONTINUED EMPLOYMENT SHALL CONSTITUTE EMPLOYEE'S ASSENT TO THE TERMS OF THIS AGREEMENT.**

### Knowing Agreement

**THE PARTIES, AND EACH OF THEM, ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND CONSIDERED THIS AGREEMENT, THAT THEY UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND EMPLOYEE RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT**

**YOU HAVE A RIGHT TO CONSULT AN ATTORNEY BEFORE SIGNING THIS AGREEMENT. UPON SIGNING THIS AGREEMENT OR CONTINUING TO WORK**

**FOR THE COMPANY AFTER THE TENTH (10TH) DAY OF RECEIVING THIS AGREEMENT, WITHOUT SIGNING THIS AGREEMENT, YOU WILL HAVE REPRESENTED THAT YOU HAVE CONSULTED WITH AN ATTORNEY OR VOLUNTARILY WAIVED YOUR RIGHT TO DO SO .**

**EMPLOYEE**

_____     Date: _____
Signature of Employee

_____
Print Name of Employee

**FIS OPERATIONS, LLC**

_____     Date: _____
Signature of Authorized Representative

_____
Print Name of Representative

_____
Title of Representative



## **Exhibit B**

August 29, 2019

Employee Name,

Due to a recent ruling by the National Labor Relations Board (NLRB), Frontier Integrity Solutions (FIS) has prepared an Amended Arbitration and Class Action Waiver Agreement. While the Amended Agreement is similar to the one FIS previously requested you to sign, there are some changes to the amended version.

The most significant change resulting from the NLRB ruling is that companies such as FIS now have the ability to request that their employees waive their right to participate in an FLSA class action lawsuit. By doing so, employees agree to proceed to arbitration on each individual's claim. Arbitration is intended to be an expedited procedure that can significantly lessen the amount of time needed to reach a judgement.

It should be noted that claims that any employee may have for workers' compensation, unemployment compensation benefits, or claims deemed not subject to arbitration under law are not covered by this agreement. Nothing in this agreement shall bar or restrict Employee's right to file charges with the National Labor Relations Board individually.

This new ruling and resulting Amended Waiver apply to current employees as well as new employees.

Accordingly, we are providing you with a copy of our Amended Waiver. You will be given the opportunity to discuss the Waiver with your attorney, if you so choose. FIS has determined that ten (10) calendar days is sufficient for review and signature. If we do not receive your signed Amended Waiver within ten (10) days, we will deem the Amended Waiver signed as consideration for your continued employment with FIS.

If you have any questions regarding the Amended Waiver you can direct them to Doug Moss at (918) 246-7747.

Thank you in advance for your cooperation in this matter and your continued hard work and support of FIS.



## Exhibit C

August 29, 2019

All FIS Employees,

Due to a recent ruling by the National Labor Relations Board (NLRB), Frontier Integrity Solutions (FIS) has prepared an Amended Arbitration and Class Action Waiver Agreement. While the Amended Agreement is similar to the one FIS previously requested you to sign, there are some changes to the amended version.

The most significant change resulting from the NLRB ruling is that companies such as FIS now have the ability to request that their employees waive their right to participate in an FLSA class action lawsuit. By doing so, employees agree to proceed to arbitration on each individual's claim. Arbitration is intended to be an expedited procedure that can significantly lessen the amount of time needed to reach a judgement.

It should be noted that claims that any employee may have for workers' compensation, unemployment compensation benefits, or claims deemed not subject to arbitration under law are not covered by this agreement. Nothing in this agreement shall bar or restrict Employee's right to file charges with the National Labor Relations Board individually.

This new ruling and resulting Amended Waiver apply to current employees as well as new employees.

Accordingly, we are providing you with a copy of our Amended Waiver. You will be given the opportunity to discuss the Waiver with your attorney, if you so choose. FIS has determined that ten (10) calendar days is sufficient for review and signature. If we do not receive your signed Amended Waiver within ten (10) days, we will deem the Amended Waiver signed as consideration for your continued employment with FIS.

If you have any questions regarding the Amended Waiver you can direct them to Doug Moss at (918) 246-7747.

Thank you in advance for your cooperation in this matter and your continued hard work and support of FIS.

# **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, a copy of the foregoing document was filed electronically, with the Court's CM/ECF, which will provide notice of the same on the parties.

Dated: September 16, 2019    By: */s/ Abirami Gnanadesigan*

Jon D. Cantor
Laura P. Worsinger
Abirami Gnanadesigan
Attorneys for Defendant
FIS OPERATIONS, LLC d/b/a/
FRONTIER INTEGRITY SOLUTIONS